**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEVEN HANYON,

                           Plaintiff,                       3:26-cv-91 (BKS/DJS)

v.

EXPRESS AUTO CREDIT CORP,
ANGELO PASQUALE, NICOLE LNU,
and JESSICA EAGLES,

                           Defendants.

**Appearances:**

*Plaintiff pro se:*
Steven Hanyon
Port Crane, NY 13833

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Steven Hanyon brought this action alleging that Defendants violated his rights under the First, Second, Fourth and Fifth Amendments of the United States Constitution. (Dkt. Nos. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 5). This matter was referred to United States Magistrate Judge Daniel J. Stewart for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On February 23, 2026, Magistrate Judge Stewart granted Plaintiff's application to proceed IFP and issued a Report-Recommendation recommending that the Complaint be dismissed with leave to amend. (Dkt. Nos. 11, 12). Magistrate Judge Stewart found that the complaint "offers no factual allegations identifying the basis for" Plaintiff's constitutional claims. (*Id.*, at 5). Because Plaintiff filed a document captioned "Amended Complaint" on February 24, 2026, this Court denied the Report-

1

Recommendation as moot and referred the Amended Complaint to Magistrate Judge Stewart for review. (Dkt. No. 14). Plaintiff later filed an "Amended Petition," listing the Broome County Court as a defendant in the caption. (Dkt. No. 17). On March 26, 2026, Magistrate Judge Stewart issued a Report-Recommendation; after reviewing both the Amended Complaint and the Amended Petition, Magistrate Judge Stewart recommended that the Amended Complaint and the Plaintiff's then-pending motions (Dkt. Nos. 8, 15 and 19) be denied. (Dkt. No. 20). Magistrate Judge Stewart concluded that Plaintiff's "purported amendments, fare no better than the original Complaint," because Plaintiff "does not identify any causes of action," makes no factual allegations against the named defendant and Plaintiff's submissions "clearly fail" to describe the particular acts by the defendant that led to the suit or explain how such acts were illegal. (Dkt. No. 20, at 4). Magistrate Judge Stewart advised Plaintiff that, under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the Report, and that failure to object to the Report within fourteen days would preclude appellate review. (*Id.* at 5–6).

Following the issuance of this Report-Recommendation, Plaintiff filed the following documents: a document captioned "Motion Class Certification" (Dkt. No. 21, 24); a letter supporting his previously-filed letter motion requesting the deposit of property into the Court (Dkt. Nos. 19, 22, 23 at 2); a one-page "Declaration Upon Defendants Motion to Dismiss" without any facts or argument (Dkt. No. 23); an "Order of Protection," quoting 18 U.S.C.§ 241 (Dkt. No. 25); and a "Motion to Dismiss," captioned "Steven Hanyon v. People of New York" which refers to criminal charges (Dkt. No. 26).

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report[-]Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

The Court has carefully reviewed each of Plaintiff's submissions following the issuance of Magistrate Judge Stewart's Report-Recommendation, Dkt. No. 21, 22, 23, 24, 25, 26, and cannot discern any specific objection to the Report. Although the document that Plaintiff captioned "Motion Class Certification" contains a heading labeled "objections," the discussion under this provision does not refer to the Report. *See*, *e.g.*, Dkt. 21, at 1). Plaintiff states, "I object to my Amended Complaint being Dismissed I should be able to leave the Driveway to support my Country and live off from my Dreams 8 U.S. Code § 1503"; Plaintiff then quotes 8 U.S.C. § 1503 which provides for a proceeding for a United States national to obtain a judgment declaring him to be a United States national. Plaintiffs' submissions following the issuance of the Report-Recommendation are irrelevant and largely incomprehensible. *See* Dkt. No. 21, 22, 23, 24, 25, 26. Because Plaintiff has failed to raise a proper objection the Court has reviewed the Report-Recommendation for clear error. Having reviewed the Report-Recommendation for clear error and found none, it is hereby

3

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 20) is **ADOPTED** in its entirety, as set forth above; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 13) is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Motions (Dkt. No. 8, 15, & 19, 26) are **DENIED** as moot; and it is further

**ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>May 7, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

4